**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**SEPTEMBER 1999 SESSION**

**FILED**

**October 6, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9902-CC-00033** |
| Appellee, | ) | |
| | ) | **HICKMAN COUNTY** |
| VS. | ) | |
| | ) | **HON. DONALD P. HARRIS,** |
| **MARK M. GESNER,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Delivery of a Controlled Substance) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**JOHN H. HENDERSON**                 **PAUL G. SUMMERS**
District Public Defender              Attorney General & Reporter
407 C Main St.
P.O. Box 68                           **MARK E. DAVIDSON**
Franklin, TN 37065-0068              Asst. Attorney General
                                      Cordell Hull Bldg., 2nd Fl.
                                      425 Fifth Ave., North
                                      Nashville, TN 37243-0493

                                      **RON DAVIS**
                                      District Attorney General

                                      **JEFFREY P. BURKS**
                                      Asst. District Attorney General
                                      P.O. Box 937
                                      Franklin, TN 37065-0937

OPINION FILED:_____

**AFFIRMED AND REMANDED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was found guilty by a jury of delivery of one-half ounce or more of marijuana.[1] The trial court sentenced the defendant as a Range I standard offender to a term of two years in the Tennessee Department of Correction. This sentence was suspended and the defendant was to serve four years on supervised probation and a term of ninety days in the county jail. The defendant's subsequent motion for a new trial was denied by the trial court. The defendant now appeals and contends that the evidence was insufficient to support his conviction and that his sentence is excessive. After a review of the record and applicable law, we find no merit to the defendant's contentions and thus affirm the judgment of the trial court.

The defendant's conviction stems from his involvement in the sale of marijuana to Thomasina Turner Ola. According to Ms. Ola, she went to the sheriff of Hickman County, Dwight England, out of concern for her children. Ms. Ola and Sheriff England devised a plan in order to catch the defendant selling drugs. According to Ms. Ola, she went to the defendant and asked him how to "go about getting some grass." The defendant said he would get back to her. A few days later, the defendant told Ms. Ola she would need two thousand ($2000) dollars. When she later told the defendant that she just wanted "a little bit," the defendant told her that he could sell the marijuana only by the pound. Ms. Ola met with Sheriff England the next day. Sheriff England told Ms. Ola to set up the drug deal. Ms. Ola then made arrangements with the defendant to meet at a nearby store. According to Ms. Ola, the defendant told her they would "go see the dealer." At some point during these discussions, the defendant told Ms. Ola they

---

[1] We note that the jury's verdict form indicates that the jury found the defendant guilty of the delivery of marijuana. However, the trial court's judgment form indicates that the defendant was found guilty of the sale of marijuana.

would be meeting the dealer on Only Road. On March 12, 1996, Ms. Ola met the defendant at the store and they proceeded to Only Road. However, before leaving with the defendant, Ms. Ola contacted Sheriff England to tell him they were leaving. Sheriff England was waiting approximately 400 yards from a point on Only Road where the transaction was supposed to take place. En route to Only Road, the defendant directed Ms. Ola to continue driving straight rather than turn right as was previously planned. Ms. Ola repeatedly asked the defendant about the dealer until the defendant replied, "You just met the dealer." At that point, the defendant pulled out a bag of marijuana and tossed it into Ms. Ola's seat. She then gave him the two thousand dollars ($2000) in marked bills she had received from Sheriff England. The defendant then directed Ms. Ola to take him back to his house. After dropping off the defendant, Ms. Ola contacted Sheriff England and met him on Only Road. She then gave him the bag of marijuana given to her by the defendant. Although Sheriff England searched the defendant's home, he was unable to find the defendant or the two thousand dollars ($2000). The defendant was located approximately one year later and placed under arrest. The substance given to Ms. Ola was subsequently tested by the TBI crime laboratory and tested positive as marijuana.

The defendant now contends that the evidence is insufficient to support his conviction. A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

3

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

The defendant contends that the evidence is insufficient to support his conviction due to several inconsistencies in the testimony of Ms. Ola and Sheriff England and the fact that only Ms. Ola witnessed the alleged drug transaction. We note that questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). It is apparent from the jury's verdict that they accredited the testimony of Ms. Ola and Sheriff England despite any minor inconsistencies. As this was within the province of the jury, we find no merit to the defendant's contention.

The defendant next contends that the trial court erred in sentencing him to a term of two years. When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is

4

conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Because we find the trial court considered the sentencing principles and the relevant facts and circumstances of this case, our review is de novo with a presumption of correctness.

The defendant was convicted of the delivery of a controlled substance, a Class E felony. As a Range I standard offender, the trial court had the authority to sentence the defendant to not less than one year nor more than two years. T.C.A. § 40-35-112(a)(5). In deciding the defendant's sentence, the trial court found that the defendant has a previous history of criminal convictions and behavior, that the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community, and that the felony was committed while the defendant was on parole for a prior felony conviction. T.C.A. § 40-35-114(1), (8), (13). The trial court also found one applicable mitigating factor, that the defendant's conduct neither caused nor threatened serious bodily injury. T.C.A. § 40-35-113(1). The record supports the application of all these factors. In light of the foregoing applicable enhancement factors and only one applicable mitigating factor, we hold that the trial court's sentence of two years was proper.

The defendant further contends that the trial court erred in sentencing him to a term of ninety days incarceration. The Criminal Sentencing Reform Act sets out sentencing considerations which are guidelines for determining whether or not a defendant should be incarcerated. These include the need "to protect society by restraining a defendant who has a long history of criminal conduct," the need "to avoid depreciating the seriousness of the offense," the determination that "confinement is

5

particularly suited to provide an effective deterrence to others likely to commit similar offenses," or the determination that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1).

In addition, it is obvious after a review of T.C.A. § 40-35-102 that the intent of the legislature is to encourage alternatives to incarceration in cases where defendants are sentenced as standard or mitigated offenders convicted of C, D, or E felonies. However, it is also clear that there is an intent to incarcerate those defendants whose criminal histories indicate a clear disregard for the laws and morals of society and a failure of past efforts to rehabilitate.

In the case at bar, the trial court based a term of incarceration on the defendant's criminal history, which consists of a weapons offense, possession of a controlled substance, sale of a controlled substance, and the manufacture, sale, and possession of a controlled substance. The trial court also based a term of incarceration on the defendant's previous history of unwillingness to comply with the conditions of a sentence involving release into the community, the fact that the offense in the case at bar was committed while he was on parole for a prior felony conviction, the amount of marijuana involved in this case, the need to avoid depreciating the seriousness of the offense, and the deterrent value of the confinement. In light of the foregoing, we hold that a short period of confinement was appropriate in the case at bar. As such, this contention is without merit.

In sum, we find that the evidence is sufficient to support the defendant's conviction and that the defendant has failed to prove that the trial court's sentence was

improper. Accordingly, we affirm the defendant's conviction and sentence. However, we remand the case to the trial court to correct the judgment form to properly reflect the offense for which the defendant was convicted.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JOHN EVERETT WILLIAMS, Judge